UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Ralph Metcalf, as an individual )<br>    Plaintiff, )<br>)<br>    v. )<br>)<br>) <br>)<br>CHRISTOPHER BRIDGES a/k/a LUDACRIS )<br>an individual, TREMAINE ALDON NEVERSON )<br>a/k/a/ TREY SONGZ an individual, KRISS T. )<br>JOHNSON JR. a/k/a KAJUN an individual, )<br>DISTURBING THA PEACE RECORDS, )<br>WARNER-TAMERLANE PUBLISHING CORP )<br>EMI BLACKWOOD MUSIC, EMI MUSIC )<br>PUBLISHING, DOWNTOWN MUSIC )<br>PUBLISHING, CHEF HUXTABLE MUSIC )<br>PUBLISHING and LA REID MUSIC )<br>PUBLISHING COMPANY ) | No: 13 cv 3679<br><br>JUDGE: |

**COMPLAINT**

Plaintiff, RALPH METCALF , by and through his attorney, Amina Dowuonah and the Dowuonah Law Office, complains against Defendants a/k/a/ LUDACRIS, KRISS T. JOHNSON JR. a/k/a KAJUN, TERMAINE ALDON NEVERSON a/k/a TREY SONGZ, DISTURBING THA PEACE RECORDS, WARNER-TAMERLANE PUBLISHING CORPORATION, LA REID MUSIC PUBLISHING COMPANY, EMI BLACKWOOD MUSIC, EMI MUSIC PUBLISHING, DOWNTOWN MUSIC PUBLISHING and CHEF HUXTABLE MUSIC PUBLISHERS, as follows:

**I. JURISDICTION AND VENUE**

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 1331 and 1338. This Court has federal question jurisdiction in this matter in that Plaintiff seeks damages and injunctive relief against Defendants named herein under Sections 501 through 505 of the

Copyright Act of 1976, 17 U.S.C. § 101, et seq. and supplemental jurisdiction pursuant to 28 U.S.C. Section 1367 to hear any claims asserted herein which arise under state law.

2. Venue lies within this Court pursuant to 28 U.S.C. Sections 1391(b)(2)-(3), 1391(c), 1391(d), and 1400(a) in that a substantial part of the acts and omissions giving rise to Plaintiff's claims occurred in this District. In particular, Plaintiff Ralph Metcalf created the lyrics in question in this District. Furthermore, the business entities named as Defendants, namely, Disturbing Tha Peace Records, Warner-Tamerlane publishing, LA Reid Music Publishing Company, EMI Blackwood Music, EMI Music Publishing Downtown Music Publishing and Chef Huxtable Music Inc. among other things, carried and continue to carry out substantial, ongoing business activities in this District. Specifically the song "Sex Room" which contains Plaintiff's lyrics and work described herein were and currently are distributed, marketed, offered for sale in this district.

## II. PARTIES

3. Plaintiff, Ralph Metcalf ("Marvo"), is an adult citizen who resides in Chicago, Illinois.

4. Upon information and belief, Defendant, Christopher Bridges a/k/a Ludacris (hereinafter "Ludacris") is at all times relevant hereto, an adult citizen residing in Atlanta, Georgia.

5. Upon information and belief, Defendant, Tremaine Aldon Neverson a/k/a Trey Songz (hereinafter "Trey Songz") is at all times relevant hereto, an adult citizen residing in Chicago, Illinois.

6. Upon information and belief, Defendant, Kriss T. Johnson Jr. a/k/a Kajun (hereinafter "Kajun") is at all times relevant hereto, an adult citizen residing in Chicago, Illinois.

7. Upon information and belief, Defendant Disturbing Tha Peace Records (hereinafter

"DTP") is a limited liability company organized and existing under the laws of the State of Georgia, with its principal place of business in Atlanta, Georgia.

8. Upon information and belief, Defendant Warner-Tamerlane Publishing Corp. is a corporation duly organized and existing under the laws of the State of California, with its principal place of business in the State of California.

9. Upon information and belief, Defendant EMI Music Publishing is a corporation duly organized and existing under the laws of the State of California, with its principal place of business in the State of California.

10. Upon information and belief, Defendant EMI Blackwood Music Inc. is a corporation duly organized and existing under the laws of the State of Connecticut, with its principal place of business in the State of New York.

11. Upon information and belief, Defendant Downtown Music Publishing LLC is a limited liability corporation duly organized and existing under the laws of the State of New York, with its principal place of business in the State of New York. .

12. Upon Information and belief, Defendants LA Reid Music Publishing Company is a joint venture between EMI Music Publishing and LA Reid Company, form unknown.

13. Upon information and belief, Defendant Chef Huxtable Music Inc. is a corporation organized and existing under the laws of the State of Georgia, with its principal place of business in the State of Georgia.

### III. FACTS COMMON TO ALL CLAIMS

7. Marvo is a musician, rapper and composer.

8. On April 25, 2009 Marvo was in Atlanta, Georgia, videotaping a rap for his song "A New Day. Jay Dixon, a representative of DTP Management approached Plaintiff complimenting him on his talent. Plaintiff gave Dixon a copy of his CD "Respect & Live".

9. On May 1, 2009, Dixon set up a meeting for Plaintiff to meet Defendant Kajun, a singer/producer that DTP represented and suggested that Plaintiff and Kajun work on songs together.

10. Following that meeting, Defendant e-mailed an arrangement of beats to the Plaintiff so that he would write lyrics to the composition that would ultimately become the composition known as "Sex Room".

10. On May 4, 2009 Plaintiff Marvo went to a Studio in Chicago Heights, Illinois, where in the presence of others, he wrote verses and the chorus to "Sex Room".

11. Plaintiff invited Defendant Kajun to come to the studio to listen to the song and to lay the vocals in the chorus.

12. On May 6, 2009 Kajun re-wrote part of the chorus, and re-recorded the chorus adding ad-libs after Plaintiff's verses and e-mailed the new version to Plaintiff.

13. Plaintiff Marvo then placed his vocals on the song, mixed the updated version and e-mailed the composition to Jay Dixon from DTP Management.

14. Dixon was excited about the song and encouraged Plaintiff to release the song commercially.

15. Plaintiff Marvo decided that "Sex Room" would better serve his career if the composition was released as a second or third single.

16. On or about December 3, 2009 Kajun contacted the Plaintiff and told him that Ludacris was interested in the song "Sex Room" and would like to purchase if for his new album "Battle of The Sexes". Kajun told Plaintiff Marvo that he would be kept apprised of any developments.

17. In early 2010, SOHH.com, a hip hop news website published the anticipated track listing for Ludacris' "Battle of The Sexes",.

18. Plaintiff's manager Nyatu Marvel then contacted Jay Dixon of DTP to inform him that he believed the final version of the song likely contained Plaintiff's lyrics. Pending the upcoming release of the song, Nyatu marvel requested that financial consideration for his client's ownership of "Sex Room" lyrics needed to be worked out if in fact Plaintiff's lyrics were used.

19. Dixon stated that he was told by Defendant Kajun that it was Kajun who had written the song. Plaintiff explained to Dixon that Plaintiff co-wrote the chorus and presented him with evidence to that effect, in a form of a recording of the initial studio session during which Plaintiff came up with the lyrics.

21. Jay Dixon of DTP told Plaintiff that before the song was commercially released, Plaintiff would be given the opportunity to hear the final version of the song, in order to determine what part of the composition and lyrics Plaintiff wrote, and at that time, the parties could come to an agreement on how Plaintiff would be compensated.

22. On March 8, 2010, Plaintiff filed for a copyright registration for the composition "Sex Room", and received confirmation under control number: 1-373117955.

23. On March 18, 2010, Plaintiff Marvo received an email containing a work for hire agreement. Upon information and belief, the agreement was sent on behalf of Kajun and Jay Dixon.

24. Under the terms of the agreement, Plaintiff Marvo would receive a meager 1% control in and to the composition. In exchange, Plaintiff would have to transfer all his rights in the composition to Rank 1. Entertainment and stipulate that at the time that he co-wrote the lyrics to Sex Room, he was rendering services to Rank 1 Entertainment under a work for hire agreement and essentially transfer all his rights to Rank 1. Entertainment.

25. Due to the pittance being offered, Plaintiff Marvo declined to sign the agreement.

26. On May 18, 2010, the single "Sex Room" by Ludacris featuring Trey Songz was released.

27. On the single, Kajun is credited as the Producer, while Trey Songz and Ludacris are credited as the writers.

28. Plaintiff listened to the song. Defendants Ludacris and Trey Songz, had incorporated substantial, original portions of his lyrics he composed. Trey Songz had sang the hook that Plaintiff wrote and Ludacris had duplicated Plaintiff's flow pattern on the song, line for line.

29. Plaintiff wrote the main part of the chorus of "Sex Room", which is "Welcome To My Sex Room", and "It's a Private Party. The "Welcome To My Sex Room" lyrics are the main part of the chorus and is used identically five times. A shortened interpolation, "Sex Room" was used fifteen (15) times throughout the chorus of the Ludacris' version.

30. The "It's a Private Party" lyric that Plaintiff wrote had slightly evolved to "Its Our Private After Party" and is used six (6) times throughout the chorus of Ludacris' version.

31. Plaintiff established the arrangement of the majority of the song.

32. Ludacris and Trey Songz had the opportunity and access to Plaintiff's lyrics through Kajun, who was present when Plaintiff created the lyrics and who by no coincidence, produced Ludacris and Trey Songz' composition of "Sex Room".

33. The lyrics in the composition of "Sex Room" is substantially similar to the lyrics Plaintiff created.

34. Ludacris and Trey Songz never sought or obtained Ralph Metcalf's permission to copy, duplicate, perform, or otherwise use his lyrics to "Sex Room" in their musical composition and sound recording of "Sex Room."

35. Ludacris and Trey Songz' copying, duplication, use, performance, and exploitation of Ralph Metcalf's lyrics" in their musical composition and sound recording of "Sex Room" constitutes infringement of Metcalf's copyright of the lyrics.

36. Ludacris and Trey Songz infringing acts are willful, deliberate, and committed with prior notice and knowledge of Plaintiff's authorship and copyright. At a minimum, Defendants acted in reckless disregard of Plaintiff's authorship and copyright.

37. On information and belief, each Defendant earned and continue to receive substantial monetary compensation and other valuable benefits and consideration from their use of Plaintiff's lyrics that contributed greatly to the success of the composition of "Sex Room".

## COUNT I

### (COPYRIGHT INFRINGEMENT AGAINST ALL DEFENDANTS)

38. Plaintiff alleges and re-alleges paragraphs 1 through 37 as fully set forth above.

39. Plaintiff Marvo is, and at all relevant times has been, the owner of the copyright of a portion of the lyrics in "Sex Room" As such, Plaintiff Marvo is entitled and authorized to protect his lyrics against copyright infringement, including the enforcement of copyright actions.

40. On information and belief, since at least 2010, Ludacris and Trey Songz along with all the named Defendants infringed, and are continually and currently infringing, upon Plaintiff Marvo's copyright to a portion of the lyrics to "Sex Room" and causing the same to be publicly

distributed in retail stores, on the internet, by digital download, through radio and television airplay, and otherwise, including in this District.

41. Marvo did not authorize Kajun, Ludacris, Trey Songz or any of the other named corporate Defendants to copy, reproduce, perform, or use the lyrics he created in the musical composition or sound recording of "Sex Room".

42. Defendants did not obtain any permission, consent, or license from Marvo for the copying, reproducing, performing, or using of his lyrics in the composition or recording of "Sex Room" or in any uses thereof that were made or authorized by Ludacris or Trey Songz, or at all.

43. Defendants' infringing acts alleged herein are willful, deliberate, and committed with prior notice and knowledge of Marvo' authorship and copyright. At a minimum, Defendants acted in reckless disregard of Marvo' authorship and copyright.

44. Defendants' conduct violated 17 U.S.C. § 106, and Defendants are liable under 17 U.S.C. § 501.

45. Plaintiff Marvo is entitled to recover all damages sustained as a result of Defendants' unlawful conduct.

46. Plaintiff Marvo is also entitled to recover his attorneys' fees and costs under 17 U.S.C. Section 505.

## COUNT II

### CONTRIBUTORY COPYRIGHT INFRINGEMENT- DTP Records

47. Plaintiff alleges and re-alleges paragraphs 1 through 46 as fully set forth above.

48. Plaintiff, as the original author of a portion of the lyrics and the owner of the registered copyright and has the exclusive right to authorize the performance, reproduction, and distribution of his lyrics pursuant to 17 U.S.C. § 106.

49. Upon information and belief, DTP is a record label and management company. DTP released Ludacris's Album "Battle of the Sexes" that contained the song "Sex Room" which contained the misappropriated lyrics of Plaintiff Ralph Metcalf.

50. DTP further marketed, exploited, reproduced and/or distributed Ludacris and trey Songz' performance of "Sex Room" the infringing composition.

51. DTP has willfully contributed to the infringement of Plaintiffs' copyrights.

52. Plaintiffs are entitled to recover all damages sustained as a result of DTP records contributory copyright infringement.

## COUNT III

**CONTRIBUTORY COPYRIGHT INFRINGEMENT**
**Against Warner-Tamerlane publishing, LA Reid Music Publishing Company, EMI Blackwood Music, EMI Music Publishing Downtown Music Publishing and Chef Huxtable Music Inc.**

53. Plaintiff alleges and re-alleges paragraphs 1 through 52 as fully set forth above

54. Plaintiff, as the original author of a portion of the lyrics and the owner of the registered copyright and has the exclusive right to authorize the performance, reproduction, and distribution of his lyrics pursuant to 17 U.S.C. § 106.

55. Upon information and belief, Defendants Warner-Tamerlane publishing, LA Reid Music Publishing Company, EMI Blackwood Music, EMI Music Publishing Downtown Music Publishing and Chef Huxtable Music Inc. as publishers of the infringing musical composition have published, manufactured, distributed, sold and or licensed copies of Sex Room. Defendants have also caused to be granted to various parties, license to reproduce, sample and/or distribute the copyrighted work.

56. Defendants Warner-Tamerlane publishing, LA Reid Music Publishing Company,

EMI Blackwood Music, EMI Music Publishing Downtown Music Publishing and Chef Huxtable Music Inc have willfully contributed to the infringement of Plaintiffs' copyrights.

57. Plaintiffs are entitled to recover all damages sustained as a result of Warner-Tamerlane publishing, LA Reid Music Publishing Company, EMI Blackwood Music, EMI Music Publishing Downtown Music Publishing and Chef Huxtable Music Inc DTP records contributory copyright infringement.

COUNT IV

(CONSTRUCTIVE TRUST – AGAINST ALL DEFENDANTS)

58. Plaintiff alleges and re-alleges paragraphs 1 through 57 as fully set forth above.

59. By virtue of their wrongful conduct, all Defendants have illegally received money and profits that rightfully belonged to Plaintiff.

60. Therefore, all Defendants are involuntary trustees, holding the gross receipts from the product sales and revenues of "Sex Room" to the extent attributable to the lyrics created by Plaintiff Marvo and attributable to the infringement of Marvo' copyright therein.

61. Defendants hold the moneys and funds referenced in Paragraphs 59 through 60 above on behalf of and subject to a first and prior lien against all others and in favor of Plaintiff.

62. On information and belief, Defendants hold this illegally received money and profits in the form of bank accounts, real properties, and personal property that can be located and traced.

63. Plaintiff Marvo is entitled to the remedy of a constructive trust in view of Defendants' wrongful infringement of his copyright to the lyrics to the composition "Sex Room" .

## COUNT V

### (ACCOUNTING – AGAINST ALL DEFENDANTS)

64. Plaintiff alleges and re-alleges paragraphs 1 through 63 as fully set forth above.

65. Pursuant to 17 U.S.C. Section 504, Plaintiff may recover any and all profits of Defendants' that are attributable to their acts of infringement.

66. A balance is due from all Defendants and each of them, to Marvo for misappropriation of profits and gross receipts arising from or attributable to their copying, reproducing, performing, and using Marvo' lyrics in Ludacris and Trey Songz composition and sound recording of "Sex Room".

67. The exact amount of money due from Defendants is unknown to Plaintiff at this time and can be ascertained only through an accounting. Plaintiff seeks an order from this Court directing Defendants to provide Plaintiff with an accounting and payment of the amount due as a result of the accounting, plus interest.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, MARVO prays that this Honorable Court grant the following relief in their favor.

1. That this Court enters judgment against Defendants, Ludacris, Trey Songz, Kriss T. Johnson, Defendants Warner-Tamerlane publishing, LA Reid Music Publishing Company, EMI Blackwood Music, EMI Music Publishing Downtown Music Publishing and Chef Huxtable Music Inc. finding that Defendants have (a) infringed Plaintiff's rights in the copyright of the lyrics of "Sex Room" under 17 U.S.C. § 501, and that the infringement by Defendants, and each of them, was willful; and (b) otherwise injured the business reputation and goodwill of Marvo through the acts and conduct set forth in this Complaint;

    2. Permanently restrain and enjoin Defendants and all persons acting in concert with Defendants or acting or purporting to act on their behalf, from infringing Plaintiffs copyrights in any manner whatsoever, and specifically distributing copies of Plaintiffs musical composition or sound recording pursuant to 17 U.S.C. § 502 ;

    3. Oder the impounding of all musical compositions and sound recordings in Defendants possession, custody, or control that were made or used in violation of Plaintiffs federal and common law copyrights pursuant to 17 U.S.C. § 503;

    4. Award Plaintiffs their actual damages and Defendants' profits attributed to Defendants' act of infringement pursuant to 17 U.S.C. § 504 ;

    5. Order a full accounting from Defendants arising out the sales and publishing activities relating to any of Plaintiffs' rights, and render a judgment for the balance due to Plaintiff;

    6. Award punitive damages appropriate to the egregious nature of Defendants' tortuous conduct.

    7. Award Plaintiffs' attorney fees and costs pursuant to 17 U.S.C. §505; and

    8. Award such other relief as is warranted by the facts and the law and is just under the circumstances.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS.**

                                          Respectfully submitted,
                                          The Dowuonah Law Office

                                          By: /s/Amina Dowuonah
                                               Attorney for Plaintiff

Dowuonah Law Office
3333 Warrenville Road, Suite 200
Lisle, Illinois 60532
(312) 282 4946
ARDC# 6295750